McNew *v.* State.

(*Knoxville*, September Term, 1940.)

Opinion filed November 23, 1940.

Hobart F. Atkins, C. L. Waggoner, and Ray H. Jenkins, all of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN, delivered the opinion of the Court.

The defendant has been convicted of carrying a pistol for the purpose of going armed, fined $50, and given a jail sentence of sixty days.

There is no dispute about the facts. McNew was the head of a bonding house in Knoxville, engaged in making appearance bonds for defendants in the criminal court and in the city court and in similar activities. For reasons not necessary to detail, nor indeed apparent on this record, the newspapers in Knoxville desired to get a picture of him and photographers made efforts to that end which McNew seems to have resented.

On the morning of the particular offense charged, he left his home, about five miles distant from his office, and was driven into his office by his daughter in an automobile. When he alighted from his car and was going into his office near the Safety Building in Knoxville, two of these photographers undertook to snap him and he drew a pistol and fired four shots at one of them—none of the shots taking effect.

McNew states that he had a man in his employ, commissioned as a deputy sheriff, who desired a pistol, and he (McNew) was bringing this pistol in from his home to turn over to this officer. McNew said that when he got out of his car an associate of his nearby cried out, "He is going to shoot you," and McNew said that he understood this to mean that he was about to be attacked with firearms, and opened up on the photographer accordingly. The business associate who gave McNew this warning did not understand that he was to be shot at

with a gun or pistol and did not intend to convey such an idea.

The contention of the defendant is that he was not carrying this pistol for the purpose of going armed; that he was bringing it from his home where he had a right to keep it, to a officer, who had a right to carry the weapon; and McNew accordingly insists the facts do not justify his conviction of the offense.

Cases not unlike this come before the court frequently where the claim is made that a pistol is being carried to a workman to be repaired, or being returned to the owner, or being otherwise transported without intention of going armed. The court is very slow to recognize such excuses when the weapon is being carried loaded and ready for instant use. If not carried for the purpose of being armed, these seems no excuse for carrying it loaded. It is a simple matter to remove the cartridges from a pistol.

The trial judge appeared to assume that a loaded pistol such as is here involved might be carried from point to point in the State without the intention originally of going armed, but he instructed the jury that if, during this innocent transportation, the weapon was used in a difficulty, it would be regarded as having been carried for the purpose of going armed.

█ █ This thought in the charge is made the basis of assignments of error. We are not prepared to say that the charge lacks support in decisions of this court. As observed by the Attorney General, however innocent an intent might be originally, the intent can be changed instantly into a unlawful intent. That is to say, it requires no period of time to form an unlawful intent. When one draws a pistol and fires it at another, clearly

at that time he is carrying the pistol for the purpose of going armed.

Some criticism is made of the action of the trial judge in asking about a previous case where the defendant was acquitted of an assault on a photographer. This matter appears to have been brought out rather in aid of defendant and, since it was clearly shown that he was acquitted in the assault case, we do not see how he could have been prejudiced.

Other minor criticisms of the charge do not require notice, and the judgment below must be affirmed.